IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CR-041-BMC |
| | ) |
| BYRON CORDELL THOMAS, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S MOTION TO EXCLUDE FACEBOOK MESSAGES</u>**

COMES NOW, Defendant Byron Cordell Thomas, by and through undersigned Counsel, and hereby respectfully submits this Motion to Exclude Facebook Messages contained in exhibits 47-61b. In the Government's Trial Brief, it outlined anticipated evidentiary issues regarding direct messages obtained from Facebook pursuant to a search warrant. (Dkt. No. 92, at 18–19). In its Trial Brief, the Government explained that it intended to offer into evidence certified copies of business records from Facebook—in this case, direct messages sent and received by Byron Thomas and Christina Zickefoose. (*Id.*).

The Tenth Circuit has recognized that "business records are potentially fraught with double hearsay." *United States v. Gwathney*, 465 F.3d 1133, 1141 (10th Cir. 2006). Such is the case here. Where Facebook business records include information supplied by third-parties, "the Facebook records are not admissible under the business records exception unless either (1) the information supplied by a third-party is not hearsay or falls within its own hearsay exception, or (2) Facebook has adequately verified or otherwise assured the accuracy of the information provided by the third-party." *United States v. Barker*, Case No. 21-CR-175-JFH, 2023 WL 2663241, at *7 (E.D. Okla. Mar. 28, 2023) (citing *United States v. Blechman*, 657 F.3d 1052, 1067 (10th Cir. 2011).

The first layer of hearsay is the records themselves, which constitute out of court statements offered for the truth of the matter asserted therein. The second layer is the contents of the messages, which are communications between people entirely unrelated to Facebook and whose communications did not occur in the normal course of Facebook's business activities. Thus, a second exception must apply.

### A. Notice under Federal Rule of Evidence 902(11)

Mr. Thomas objects to the admission of the Facebook records on the ground that the Government has not properly complied with this Court's prior scheduling orders or Rule 902(11). Specifically, the Government did not provide written notice of its intent to admit Facebook's business records until it filed its Trial Brief on July 21, 2023.

Rule 902(11) requires that the proponent of business records give "an adverse party reasonable written notice of the intent to offer the records. . . so that the party has a fair opportunity to challenge them." This Court's most recent Scheduling Order set June 1 as its deadline for the filing of notices. (Dkt. No. 63, at 3). That Scheduling Order stated that "Notices" "includes *all notices required by the Rules of Criminal Procedure and Evidence*, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609." (*Id.* (emphasis added)). The Government's Trial Brief was filed fifty-one days after the deadline.

The lateness of the Government's notice means that instead of litigating this matter weeks ago, the Court must resolve these issues in the middle of trial, which defeats the purpose of a Scheduling Order's deadlines. This Court should therefore exclude the Facebook records for late notice in violation of this Court's Scheduling Order and Rule 902(11).

### B. The Facebook Messages are Hearsay

Hearsay is any out of court statement offered by a party to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801(c). In its Trial Brief, the Government effectively concedes that the Facebook records, including the messages in the records, are hearsay. (Dkt. No. 92, at 18–19). But it further contends that exceptions or exclusions apply. (*Id.*). As set forth below, Mr. Thomas disagrees.

At least some of the Facebook messages at issue are allegedly between Mr. Thomas and individuals Mr. Thomas sought to recruit for work as prostitutes. The Government does not intend to call these individuals as witnesses, nor are they alleged victims of any charged conduct. Moreover, other than these messages, Mr. Thomas has not received any discovery concerning these individuals.

The Government intends to use these messages to prove the truth of the matters asserted in them. Namely, that Mr. Thomas recruited women to be prostitutes through Facebook. It further appears that one witness will testify that Mr. Thomas recruited her through Facebook, which demonstrates the Government's apparent purpose for these messages—that Mr. Thomas has a propensity for using Facebook to recruit potential prostitutes. As explained more fully below, the Government will not be able to authenticate these messages, the Government cannot provide an applicable hearsay exception to the messages, and the Facebook messages violate Federal Rules of Evidence 401 and 404(b)(1).

### C. Mr. Thomas's Alleged Messages

The proponent of evidence must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 902(a). The Government states in its Trial Brief that it will use witnesses to "authenticate the authorship of the messages by a preponderance of the evidence; thus, these statements are admissible as statements of a party opponent under [Federal Rule of Evidence] 801(d)(2)(A)." (Dkt. No. 92, at 18). Given that the Government has not identified which witnesses will serve this purpose, Mr. Thomas is unable at this time to adequately address whether or not it would meet the standard for admission established by the various circuit courts. However, Mr. Thomas notes that many of the Facebook messages are conversations with individuals not in the Government's witness list. The Government has not specifically explained how the approach stated in its Trial Brief will authenticate these messages. Mr. Thomas doubts the Government's ability to authenticate the authorship of messages sent to individuals who will not be testifying because the recipient is likely the only person who can realistically authenticate the authorship of the messages. Even if the Government can successfully link Mr. Thomas to a particular Facebook account, that link does not prove by a preponderance of the evidence that Mr. Thomas sent any particular message. Mr. Thomas therefore objects to the admission of Facebook messages the Government cannot adequately prove he authored.

### D. Messages Sent by Other Persons

Federal Rule of Evidence 801(d)(2)(A) applies only to Facebook messages sent by Mr. Thomas. Even if the Government can prove authorship of the Facebook messages as to Mr. Thomas, the Government still needs an additional hearsay exception to admit the other half of the conversations. The Government's Trial Brief did not identify an applicable exception, and Mr. Thomas is not aware of one either. This includes Facebook messages sent by individuals who will testify as witnesses—the messages remain out of court statements offer for the truth of the matter asserted therein, even if the declarants appear as witnesses.

Therefore, Mr. Thomas objects to the admission of Facebook messages sent by persons other than Mr. Thomas because no hearsay exception applies.

### E. Federal Rule of Evidence 401 and 404(b)

Mr. Thomas also objects to the Facebook messages on the grounds that their admission violates Federal Rules of Evidence 401 and 404(b)(1).

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R . Evid. 404(b)(2). The Government bears the burden of showing how the proffered evidence is relevant and must "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts." *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985) (citing *United States v. Biswell*, 700 F.2d 1310, 1317 (10th Cir. 1983)).

Fundamental to the adversarial system in this country is the principle that a person should be convicted for what he has done and not for who he is. Evidence must be excluded under Rule 404(b) if it makes "a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Smith,* 534 F.3d 1211, 1219 (10th Cir. 2008) (quoting *United States v. Portillo–Quezada,* 469 F.3d 1345, 1354 (10th Cir. 2006)).

> Other acts evidence may be admitted if:
>
> 1. The evidence is offered for a proper purpose under Rule 404(b);
> 2. The evidence is relevant under Rule 401;
> 3. The probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Rule 403; and
> 4. The district court, upon request, instructs the jury pursuant to Rule 105 to consider the evidence only for the purpose for which it is admitted.

*Huddleston v. United* States, 485 U.S. 681, 691 (1988). "[W]hen evidence of prior bad acts is offered, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Commanche*, 577 F.3d 1261, 1267 (10th Cir. 2009) (quoting *United States v. Himelwright*, 42 F.3d 777, 782 (3rd Cir. 1994). Further, "Proof offered of other bad acts is not saved from the principle of exclusion by the mere fact that it supports a specific inference to a point like intent if the necessary logical steps include an inference of general character or propensity." *Id.* (internal brackets and ellipses omitted) (quoting Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:28, at 746–47 (3d ed. 2007)).

Mr. Thomas asserts that these Facebook messages are irrelevant and that they are evidence of "other acts" that ultimately do nothing more than demonstrate Mr. Thomas has a propensity to act in a certain manner. Specifically, none of messages are between Mr. Thomas and known victims to this case. Thus, they will mislead the jury and their purpose is to establish Mr. Thomas's propensity. Further, the Government has not provided adequate notice under Rule 404(b)(3) concerning its use of these messages—namely, the proper purpose for which they would be admitted.

Mr. Thomas also opposes any argument by the Government that all of these messages constitute *res gestae* of the charged offenses. As the Government's own Trial Brief explains, other acts that are *res gestae* "occur within the same time frame as the charged conduct, form a necessary preliminary to the charged crimes, provide[] 'direct proof of the defendant's involvement in the charged crimes,' or [are] 'entirely germane background information, directly connected to the factual circumstances of the crime.'" *United States v. Cushing*, 10 F.4th 1055, 1075 (10th Cir. 2021). Even if the Government can meet this standard as to some of the messages, it certainly cannot do so as to all of them.

Therefore, he objects to the introduction of the Facebook messages as irrelevant and improper propensity evidence under Rules 401 and 404(b)(1).

### F. Conclusion

WHEREFORE, Defendant Byron Cordell Thomas respectfully requests this Court rule inadmissible the Facebook messages.

Respectfully submitted,

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**

Julia L. O'Connell, Federal Public Defender

By: s/ Sarah A. McManes
Sarah A. McManes, OBA #33698
Assistant Federal Public Defender
One West Third St., Ste. 1225
Tulsa, Oklahoma 74103
(918) 581-7656
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant U.S. Attorney Kenneth Elmore
Assistant U.S. Attorney Shakema Onias

s/ Sarah A. McManes
Sarah A. McManes
Assistant Federal Public Defender