IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No.  23-CR-41-JFH |
| BYRON CORDELL THOMAS, | |
| Defendant. | |

### Response in Opposition to Motion to Exclude Facebook Messages (Dkt. 112)

Sufficient notice has been provided regarding the use of a certificate of authenticity regarding Facebook messages of Byron Thomas and the messages contain admissible statements.

As part of the investigation into Byron Thomas, officers executed a search warrant his Facebook account. Contained within the return for the account were several messages sent by Thomas that are contained within Government's Exhibits 47-62. Within these messages are photographs, text messages, videos, and audio recordings of Thomas and multiple individuals, some of whom have been identified by law enforcement.

The messages contain relevant evidence of Thomas's interstate movement for from July to December of 2022. They also contain evidence of his intent to transport individuals for prostitution and specifically reference C.Z., J.F., M.N. and T.B. Thomas routinely sent voice memos to other accounts referencing his "team" of

these women, that they are his "hoes" and he crosses state lines strictly to make money off them from prostitution. Additionally, Thomas offers advice to individuals on how to recruit and keep prostitutes while avoiding law enforcement.

Thomas's Facebook content was produced in February of 2023 and again in June of 2023. Written notice regarding the use of the certificate of authenticity was provided to Thomas through the trial brief filed on July 21, 2023. (Dkt. 92). Thomas has been on notice of the discovery with sufficient time to prepare for trial and had adequate opportunity to file a motion prior to trial. Moreover, Thomas has failed to cite authority for suppression, any prejudice suffered by the notice, or a challenge to the certificate and content. *See United States v. Lewis*, 594 F.3d 1270, 1278 (10th Cir. 2010)(*finding* notice provided 11 days prior to trial sufficient to satisfy Rule 902(11) when the discovery was previously provided or made available for review).

Rule 801(d)(2)(A) provides that a party's own statement is directly admissible against the party.[1] *United States v. Matlock*, 415 U.S. 164, 172 (1974) (A party's "own out-of-court admissions . . . surmount all objections based on the hearsay rule . . . and [are] admissible for whatever inferences the trial judge [can] reasonably draw."). Not surprisingly, the courts have admitted the statements of a defendant contained in text communications under Rule 801(d)(2)(A).[2]

---

[2] *See, e.g., United States v. Burt*, 495 F.3d 733, 738 (7th Cir.) (on Yahoo! chat communication involving the defendant and a third party found on the defendant's computer, "[t]hose portions of the chat which represent Burt's writings were properly admissible as admissions by a party opponent under Fed. R. Evid. 801(d)(2)"), *cert. denied*, 128 S.Ct. 724 (2007); *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000) (noting the e-mails "sent by Siddiqui constitute admissions of a party pursuant to Fed. R. Evid. 801(d)(2)(A)"),

In some of the text communications, the defendant manifested an adoption or belief of certain statements made by others. The statements of others are admissible under Rule 801(d)(2)(B), which provides that the statements of others may be admitted against the defendant as long as the defendant "manifested an adoption or belief in its truth." Courts have recognized that e-mail statements are admissible under this theory where the defendant manifested an adopt or belief in the statement. *See, e.g., Sea–Land Service, Inc. v. Lozen Intern., LLC,* 285 F.3d 808, 821 (9th Cir. 2002) (trial court abused its discretion in excluding e-mail of company employee which was incorporated and forwarded to by another employee with a message which "'manifested an adoption or belief in [the] truth' of the information contained in the original e-mail."); *United States v. Safavian*, 435 F.Supp.2d 36, 43 (D.D.C. 2006) (admitting e-mails under Rule 801(d)(2)(B) based on the "context and content of certain e-mails" which established the defendant "'manifested an adoption or belief' in the truth of the statements of other people as he forwarded their e-mails").

The Government only must show by a preponderance of evidence the Facebook messages were authored by Thomas. *United States v. Brinson*, 772 F.3d 1314, 1321 (10th Cir. 2014). This may be done through direct or circumstantial evidence. *Id.* In *Brinson*, agents established authorship of an alias Facebook account through

---

*cert. denied*, 533 U.S. 940 (2001); *United States v. Safavian*, 435 F.Supp.2d 36, 43 (D.D.C. 2006) ("The [e-mail] statements attributed directly to Mr. Safavian come in as admissions by a party opponent under Rule 801(d)(2)(A) of the Federal Rules of Evidence."); *In re Homestore.com, Inc. Securities Litigation*, 347 F.Supp.2d 769, 781 (C.D.C.A. 2004) (in civil securities action, "e-mails written by a party are admissible as non-hearsay under Fed. R. Evid. 801(d)(2)").

circumstantial evidence of email accounts and testimony associating the account with the defendant. *Id. See also United States v. Lamm*, 5 F.4th 942, 948 (8th Cir. 2021)(authentication of the messages can be made by circumstantial evidence and the context of the conversations). Thomas provides no authority for the position the only manner to introduce the messages is through the other party of the conversation or by identifying the individuals.

In this instance, the account is under the name Byron Thomas, contains photographs of Thomas and known associates, evidence linked to his phone, and many of the messages include audio or recordings from Thomas. This is more than sufficient evidence to establish authorship. Agents can testify regarding recognition of Thomas's voice and the jury can make comparison with other recorded statements. Moreover, agents can testify regarding the photographs of Thomas and women observed throughout the investigation to further authenticate the authorship of the messages. Many of the photographs are of women from the criminal counts.

The statements of others used in the chat communications are admitted not for the truth of the matter but as non-hearsay to supply context. *See, e.g., United States v. Burt*, 495 F.3d 733, 738-39 (7th Cir.) (in prosecution for sexual exploitation of a minor, distributing child pornography, and possession of child pornography, in Yahoo! chat communication involving the defendant and a third party found on the defendant's computer, the portion from the third party was admissible as non-hearsay and provided context to the conversation); *United States v. Safavian*, 435

F.Supp.2d 36, 44 (D.D.C. 2006) (admitting some e-mails which "provide context for the defendant's statements and are not introduced for their truth").

Government's exhibits 47-61 are intrinsic because the directly relate to the charges in the indictment. They contain references to Thomas's intent for coercing and transporting C.Z., T.B., and J.F. across state lines for prostitution. For instance, the messages contain photographs of these women with invitations from Thomas to come join his team to make money engaging in prostitution. Further, he references making money from trips affecting interstate commerce based on prostitution. Thomas has been on notice of the discovery and which agent would proffer it through the supplemental reports, search warrants, and verbal confirmation of the Government. The evidence directly relates to the charged conduct, individuals, time frame, and is admissible.

## Conclusion

For the above reasons, the Court should deny Thomas's motion since there was sufficient notice provided, the messages can be properly authenticated and are relevant.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney

*/s/ Kenneth Elmore*
<u>Kenneth Elmore, OBA</u> No. 31046
Assistant United States Attorney
 110 West Seventh Street, Suite 300
 Tulsa, Oklahoma 74119
(918) 382-2700
Kenneth.elmore@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I, hereby certify that on this 1st day of August, 2023, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Sarah McManes
Attorney for Defendant

*/s/ Kenneth Elmore*
Kenneth Elmore
