IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BYRON CORDELL THOMAS,<br><br>Defendant. | Case No. 23-CR-41-JFH |

### Response in Opposition to Defendant's Objections to the Presentence Investigative Report (Dkt. #147)

The Court should overrule Mr. Thomas's Objections to the Presentence Investigative Report (Dkt .#147) because the PSR accurately describes Thomas's role in an ongoing criminal enterprise involving prostitution and the possession of firearms. Further, the PSR accurately calculates Thomas's criminal history. Therefore, the Court should overrule Thomas's objections.

A jury convicted Thomas of nine total felony counts for Possession of a Firearm by a Convicted Felon, Witness Tampering by Corrupt Persuasion, Transportation for Prostitution, and Sex Trafficking by Force, Fraud, or Coercion. (Dkt. #125). The convictions cover criminal conduct from June of 2019 through December of 2022 that involved five different women. Taking into account the trial evidence, criminal discovery, and Thomas's criminal history the PSR properly calculated his total offense level at level 39 with a criminal history category of VI. PSR at ¶ 144.

1. *Thomas was convicted at trial of being a felon in possession of a firearm, witness tampering, and human trafficking.*

The PSR accurately describes Thomas's conduct. PSR at ¶ 1-43. The PSR contains a summation of the police reports, trial transcripts, exhibits, and evidence produced in discovery. At sentencing, a court is not restricted to evidence that would be admissible at trial, and hearsay statements may be considered if they bear "some minimal indicia of reliability." *United States v. Ruby*, 706 F.3d 1221, 1229 (10th Cir. 2013). Thomas's objections are primarily disagreements with the evidence presented at trial, or disputes with the convictions themselves, and therefore not relevant for sentencing.

2. *Sentencing Count Group One (Counts One, Two, Three, and Ten) is properly calculated and supported by the facts.*

The jury convicted Thomas on Count One (Felon in Possession of a Firearm in Violation of 18 USC 922(g)(1)), Counts Two and Ten (Witness Tampering in violation of 18 USC 1512(b)(1)), and Count Three (Transporting an Individual for Prostitution in violation of 18 U.S.C. § 2421).[1] Thomas's objection that there was insufficient evidence to sustain these convictions is improper at the sentencing stage. The Court properly instructed the jury on the elements and the burden of proof each offense, and the jury made a determination of guilt.[2] Thomas's complaint that the jury should not have convicted him is irrelevant for purposes of sentencing. (Dkt. #147 at 2-4).

---

[1] *See* Attachment A- Jury Verdict (Dkt. #125).
[2] *See* Attachment B- Jury Instructions (Dkt. #124 at 17-20).

The record also supports the sentencing enhancements in Count Group One. Thomas's base offense for the possession of a firearm was properly increased by four points because the weapon was used in connection with other felonies under USSG §2K2.1(b)(6). PSR at ¶ 50. For this enhancement, the Government must establish by a preponderance of the evidence that Thomas "[1] possessed any firearm or ammunition [2] in connection with [3] another felony offense" under state or federal law. *United States v. Sanchez*, 22 F.4th 940, 941 (10th Cir. 2022). "[P]ossession of a firearm may facilitate an offense by emboldening the possessor to commit the offense." *United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012). The plain and commonly understood meaning of "facilitate" is to make easier. *United States v. Marrufo*, 661 F.3d 1204, 1207 (10th Cir. 2011). Moreover, the Government need only establish by a preponderance of evidence that the "firearm facilitated or had the *potential* to facilitate" *Sanchez*, 22 F.4th at 942(finding possession of a firearm had the potential to encourage continued possession of a firearm under USSG §2K2.1(b)(6)).

The jury received ample evidence that Thomas was in the commission of additional felonies and the firearm emboldened his actions. The jury convicted Thomas in Count One of being in possession of a firearm on or about December 5, 2022. PSR at 50. This was the day when Thomas brought C.Z. to a commercial sex appointment with an undercover officer, leading to his arrest. PSR at ¶¶ 38-39. The jury convicted him on Counts Three and Five for his conduct involving prostitution with both C.Z. and J.F. leading up to his arrest. K.D. also testified that Thomas carried a weapon in her presence, and that she was afraid because of it. There is

more than sufficient evidence showing that Thomas's possession of the pistol emboldened his transportation and procurement of C.Z., K.D., and J.F. for prostitution and made it easier for him to profit off the women.

Likewise, the Government established that Thomas engaged in obstructive behavior to warrant a 2-point enhancement under USSG § 3C1.1. PSR at ¶ 53. The convictions for Witness Tampering in Counts Two and Ten demonstrate that the jury considered the conflicting statements highlighted by Thomas and still found beyond a reasonable doubt he was guilty of the conduct. (Dkt. #147 at 6-7). Disagreeing with the jury's assessment of the evidence is not a basis for contesting the PSR.

*2. Thomas has a prior conviction for a crime of violence under USSG §4B1.2*

The PSR properly calculated Thomas's base offense level for a violation of 922(g)(1). PSR ¶ 48. An individual with a prior conviction for a crime of violence has a base level offense of 20 under USSG § 2K2.1(a)(4)(A). A crime of violence is "one that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1).

Thomas was convicted in Kansas for Aggravated Assault in violation of K.S.A § 21-3410(a) by use of a deadly weapon. PSR at ¶¶ 49, 104. His judgment and sentence specifically reflects that the felony was committed with a firearm. The Tenth Circuit has ruled that a violation of this statute meets the criteria for a crime of violence under USSG §4B1.2. *United States v. Benton*, 876 F.3d 1260, 1264 (10th Cir. 2017) (finding a violation of K.S.A. § 21-3410(a) is a federal crime of violence for

4

sentencing purposes). The Court in *Benton* specifically found the use of a dangerous weapon under this Kansas statute satisfied the requirement of "threatened violent physical force" USSG § 4B1.2(a)(1). The cases Thomas cites concern different statutes and standards that do not apply here. *See U.S. v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005) (Colorado third-degree assault); *U.S. v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008) (Colorado assault by non-consensual administration of a drug).

### *3. The PSR correctly calculated the offense levels for Counts Five and Seven.*

The government separately charged and proved that Thomas transported C.Z. (Count Three), J.F. (Count Five), and T.B. (Count Seven) across state lines for the purposes of prostitution. The PSR correctly calculates the offense level for each of these convictions. Thomas's attempt to challenge his convictions on Counts Five and Seven is improper. Thomas cites a case where two women were transported across one state line on the same occasion. *Guffey v United States*, 310 F.2d 753, 754 (10th Cir. 1962). That case in inapplicable here, where Thomas transported three different women across multiple state lines on multiple occasions. The fact that some or all of these individuals may have been together at one point or another is irrelevant. The jury heard evidence that Thomas transported the three victims over different periods of time and to different interstate locations. The three separate convictions cannot be challenged at this point, and in any event, the calculations in the PSR are amply supported by the facts.

### *4. Thomas was convicted of Counts Nine and Eleven.*

Thomas was convicted in Counts Nine and Eleven of Sex Trafficking by Force, Fraud, and Coercion in violation of 18 USC 1591. The jury was properly instructed on the elements, specifically the elements of "force, threats of force, fraud, or coercion, or any combination of such means, and the burden of proof when it reached its conclusion.[3] Thomas knew force, threats of force, fraud, or coercion were essential elements of the crime, as evidenced by his proposed jury instructions.[4] The base offense level for a conviction under force and fraud is 34. USSG § 2G1.1(a)(1). Thus, any factual objection to the nature of the conviction is irrelevant for sentencing. (Dkt. #147 at 7-14).

**5. *There is sufficient evidence for Base Offense Level Enhancements on Counts Eight, Nine, and Eleven.***

The PSR properly calculated the Base Offense Levels and Enhancements regarding K.D., M.N., and C.T. Based on the trial testimony and discovery there was sufficient evidence to establish that Thomas provided illegal drugs to K.D. Additionally, the evidence showed that KD woke up to sexual encounters on several occasions. K.D. also expressed fear of the defendant, particularly due to his handling of a firearm around her when she asked to go home.

Based on the trial testimony and discovery there was sufficient evidence to establish that Thomas was physically violent with M.N. on several occasions and she sustained bodily injury from Thomas's actions.

---

[3] *Id.* at 22-24.
[4] *See* Attachment C- Defendant Byron Cordell Thomas's Proposed Jury Instructions (Dkt. #91 at 17-19).

Again, based on the trial testimony and discovery there was sufficient evidence to establish that Thomas used physical violence to control C.T., resulting in injuries on several occasions. Notably, Thomas beat her so severely that she sustained black eye and miscarried after one of the beatings. Accordingly, given Thomas's conviction of these crimes, the PSR properly calculated the Base Offense Levels and Enhancements regarding K.D., M.N., and C.T.

### 6. Thomas's Multiple Count Adjustment is correctly calculated.

The PSR properly calculated Thomas's total number of Units. PSR ¶ 87. The jury convicted Thomas of nine total felony counts for Possession of a Firearm by a Convicted Felon, Witness Tampering by Corrupt Persuasion, Transportation for Prostitution, and Sex Trafficking by Force, Fraud, or Coercion. Thomas's objections are largely disputes with the convictions themselves, and therefore not relevant for sentencing. The trial evidence, criminal discovery, and Thomas's criminal history reflected in the PSR show that the Multiple Count Adjustment is correct.

### 7. Thomas's Criminal History Score is correctly calculated.

The PSR properly calculated Thomas's Criminal History Score at paragraph 105. Thomas was convicted and sentenced on two counts of Aggravated Assault with a deadly weapon. *Id.* As noted above, the Tenth Circuit has ruled this is a crime of violence for sentencing purposes, and the PSR correctly assigns two points to these convictions under USSG § 4A1.1(d). *See Benton*, 876 F.3d at 1264.

The PSR properly calculated Thomas's Criminal History Score at paragraphs 108 and 109. Prior sentences are always counted separately if the sentences were imposed

for offenses that were separated by an intervening arrest. If there is no intervening arrest, prior sentences are counted separately unless (A) the sentence resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. U.S.S.G. §4A1.2(a)(2). The offense contained in paragraph 108 was committed on October 15, 2014, a warrant was issued and not cleared until November 25, 2014, and was sentenced the next day on November 26, 2014. The offense contained in paragraph 109 was committed on November 25, 2014, and sentenced on September 15, 2015. Both offenses were committed on separate dates. The offenses contained in paragraphs 108 and 109 would be counted separately because the offenses were committed on separate dates, not contained in the same charging instrument and have sentences that were imposed on separate dates. Therefore, Mr. Thomas's Criminal History Score has been properly calculated.

## Conclusion

For these reasons, the government respectfully requests the Court overrule Mr. Thomas's objections.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Kenneth Elmore*
Kenneth Elmore, OBA No. 31046
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

**Certificate of Service**

 I hereby certify that on the day of August 20, 2024, I served the foregoing document via electronic email, on the following:

 Max Deane
 Counsel for Byron Thomas

             */s/ Kenneth Elmore*
             Kenneth Elmore
             Assistant United States Attorney