UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA
-------------------------------------------------------- X
                                  :
   UNITED STATES OF AMERICA,         :
                                    :
                                    :   23-cr-41 (BMC)
              - against -             :
                                    :
                                    :
   BYRON CORDELL THOMAS,           :
                                    :
                      Defendant.         :
                                    :
-------------------------------------------------------- X

**COGAN**, District Judge.

## COURT'S JURY CHARGE

# TABLE OF CONTENTS

I.      **INTRODUCTION** .................................................................................... **4**

II.      **PART I:  GENERAL RULES** ................................................................. **5**

    A.    Juror Attentiveness ...................................................................................... 5

    B.    Role of the Court ......................................................................................... 5

    C.    Jury to Disregard the Court's View ............................................................ 5

    D.    Role of the Jury ............................................................................................ 5

    E.    Juror Oath .................................................................................................... 6

    F.    All Persons Equal Under the Law ............................................................... 6

    G.    Improper Considerations ............................................................................. 6

III.      **BURDEN OF PROOF AND PRESUMPTION OF INNOCENCE** ...................... **7**

    A.    Burden of Proof ........................................................................................... 7

    B.    Defendant's Right Not to Testify ................................................................ 7

    C.    Presumption of Innocence ........................................................................... 7

    D.    Reasonable Doubt ....................................................................................... 8

    E.    Number of Witnesses and Uncontradicted Testimony ............................... 8

IV.      **EVIDENCE** ........................................................................................... **8**

    A.    Types of Evidence ...................................................................................... 8

        1.    Direct and Circumstantial Evidence .............................................................9

        2.    Inferences .....................................................................................................10

        3.    Objections ....................................................................................................10

        4.    Law Enforcement Techniques .....................................................................11

        5.    Evidence or Witnesses Not Presented but Equally Available .....................11

        6.    Other Persons Not on Trial ..........................................................................11

    B.    Witnesses .................................................................................................. 12

        1.    Witness Credibility .....................................................................................12

        2.    Discrepancies in Testimony and Prior Inconsistent Statements .................13

        3.    Third-Party Text and Facebook Messages ..................................................14

        4.    Law Enforcement Witnesses .......................................................................14

        5.    Witnesses Testifying Under Immunity ........................................................14

        6.    Opinion Testimony ......................................................................................15

        7.    Impeachment by Prior Conviction ..............................................................15

V.      **PART II:  SUBSTANTIVE INSTRUCTIONS** ....................................... **16**

    A.    The Indictment .......................................................................................... 16

    B.    Knowledge and Intent ............................................................................... 17

    C.    Possession of a Firearm by a Convicted Felon ........................................ 17

|   |   |   |   |
|---|---|---|---|
| | 1. | Count One | 17 |
| D. | | Witness Tampering by Corrupt Persuasion | 18 |
| | 1. | Count Two | 18 |
| | 2. | Count Eight | 19 |
| E. | | Transporting an Individual for Prostitution | 20 |
| | 1. | Count Three | 20 |
| | 2. | Count Four | 20 |
| | 3. | Count Five | 21 |
| | 4. | Count Six | 21 |
| F. | | Sex Trafficking by Force, Fraud, or Coercion | 21 |
| | 1. | Count Seven | 22 |
| | 2. | Count Nine | 23 |
| G. | | Venue | 24 |
| **VI.** | | **PART III:  GENERAL REMARKS ABOUT DELIBERATIONS** | **26** |
| A. | | Selecting a Foreperson and Communications with the Court | 26 |
| B. | | Right to See Exhibits | 26 |
| C. | | Testimony | 26 |
| D. | | Duty to Consult and Need for Unanimity | 26 |
| E. | | Reaching a Verdict | 27 |
| F. | | Final Comments | 27 |

## I.     <u>**INTRODUCTION**</u>

Members of the jury, now that the evidence has been presented, it is my responsibility to instruct you on the law.  You will have a copy of these instructions in the jury room with you, so you do not need to take notes, but you can if you would like.  My instructions will be in three parts:

**FIRST**:  I will instruct you on the general rules that define and govern the duties of a jury in a criminal case.

**SECOND**:  I will instruct you as to the legal elements of the crimes charged in the Indictment.

**THIRD**:  I will give you some important principles to use during your deliberations.

1       ## II.     PART I:  GENERAL RULES

2       ### A.      Juror Attentiveness

3       It is obvious that you have faithfully discharged your duty to listen carefully and observe

4       each witness who testified during trial.  Please continue to give me that same careful attention

5       now.

6       ### B.      Role of the Court

7       It is my duty to instruct you on the law.  You must accept my instructions and apply them

8       to the facts as you determine them.

9       It would violate your sworn duty to base a verdict on any other view of the law than the

10      one I will give to you.  This means you must follow my instructions regardless of any opinion

11      that you may have as to what the law might or should be and regardless of whether any attorney

12      has stated a legal principle differently from how I might state it now.

13      You must also consider these instructions as a whole during your deliberations and may

14      not single out any instruction as alone stating the law.

15      ### C.      Jury to Disregard the Court's View

16      As I mentioned at the outset of this case, I have no opinion on the verdict you should

17      reach.  If I made an expression, posed a question, or made a ruling that seemed to indicate that I

18      do have an opinion about this case, I instruct you to disregard it.

19      You also should not concern yourselves with the content of any discussion that I had with

20      counsel at sidebar.

21      ### D.      Role of the Jury

22      You are the sole and exclusive judges of the facts.  It is your duty to determine the weight

23      of the evidence and the credibility of the witnesses and to resolve any conflicts that there may be

1    in the testimony.  You may draw whatever reasonable inferences you decide from the facts as

2    you have determined them.

3    **E.    Juror Oath**

4    In carrying out this duty, remember that you took an oath to render judgment fairly and

5    impartially, without prejudice or sympathy, and without any fear.  You took an oath to base your

6    verdict solely on the evidence in the case and the applicable law as I give it to you.

7    **F.    All Persons Equal Under the Law**

8    You must also remember that all parties are here equally before you today.  The fact that

9    the Government is a party and the prosecution is brought in the name of the United States does

10    not entitle the Government or its witnesses to any different consideration than the defendant.

11    **G.    Improper Considerations**

12    You must not be swayed by sympathy for any of the parties or witnesses, or what the

13    reaction of the parties or the public to your verdict may be.  This means that if you have a

14    reasonable doubt as to the defendant's guilt, you should not hesitate to acquit him.  But if you

15    find that the Government has met its burden of proving the defendant's guilt beyond a reasonable

16    doubt, you should not hesitate to find him guilty.

17    You must not be influenced by any feelings you might have about the nature of the

18    crimes charged, or by any feelings you might have about the race, religion, national origin,

19    gender, or age of the parties or anyone participating in the trial.

20    You must not bear any prejudice against any attorney or their client because the attorney

21    made an objection, asked for a sidebar out of your hearing, or asked me for a ruling on the law.

22    If you formed opinions or reactions of any kind to the lawyers in this case, I instruct you to

23    disregard them.  The personalities and conduct of counsel are not at issue here.

1  You also must not consider the question of the defendant's possible punishment if you

2  were to find him guilty.  The duty of imposing a sentence rests exclusively with the Court and

3  you cannot allow that consideration to enter your deliberations at any point.

4  **III.    BURDEN OF PROOF AND PRESUMPTION OF INNOCENCE**

5  **A.    Burden of Proof**

6  The defendant has pled "not guilty" to the Indictment, and as a result, the burden is on the

7  Government to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts

8  to the defendant because the law does not impose on a criminal defendant any duty to call or

9  cross-examine witnesses or produce any evidence at all.

10  **B.    Defendant's Right Not to Testify**

11  Because it is the Government's burden to prove his guilt beyond a reasonable doubt, the

12  defendant also had no obligation to testify during trial.  I remind you that a criminal defendant is

13  never required to prove that he is innocent.  You may not attach any significance to the fact that

14  the defendant did not testify; nor may you draw any adverse inference against the defendant

15  because he did not take the witness stand.  You may not consider this decision against the

16  defendant in any way.  In fact, I direct you not to even mention it during your deliberations in the

17  jury room.

18  **C.    Presumption of Innocence**

19  The law presumes that the defendant is innocent of the charges against him.  This

20  presumption of innocence alone is sufficient to acquit the defendant.  The presumption was with

21  him when the trial began, it remains with him now, and it will continue into your deliberations.  I

22  therefore instruct you that you must presume the defendant innocent throughout your

23  deliberations unless and until you as a jury are satisfied that the Government has met its burden

24  to prove the defendant's guilt beyond a reasonable doubt as to each crime charged.

1    **D.    Reasonable Doubt**

2    So, what is a reasonable doubt?  The words almost define themselves:  it is a doubt based

3    on reason and common sense.  It is a doubt that a reasonable person has after carefully weighing

4    all the evidence.  Proof beyond a reasonable doubt must be of such a convincing character that a

5    reasonable person would not hesitate to rely upon it in making an important decision in their own

6    personal life.  A reasonable doubt, therefore, is not a speculation or suspicion; it is not an excuse

7    to avoid the performance of an unpleasant duty; and it is not sympathy for any party.

8    Remember, however, that the Government does not need to prove guilt beyond all possible

9    doubt.

10    **E.    Number of Witnesses and Uncontradicted Testimony**

11    The fact that one party called more witnesses and introduced more evidence than the

12    other does not mean that you should find the facts in favor of the side offering the most

13    witnesses.  By the same token, you do not have to accept the testimony of any witness if you find

14    the witness not to be credible.  You must decide which witnesses to believe and which facts are

15    true.  To do this you must look at all the evidence, drawing upon your own common sense and

16    personal experience.  After examining all the evidence, you may decide that the party calling the

17    most witnesses has not persuaded you because you do not believe those witnesses.

18    **IV.    EVIDENCE**

19    **A.    Types of Evidence**

20    In determining the facts, it is your own recollection of the evidence that controls.  You

21    should consider the evidence in light of your own common sense and experience, and you may

22    draw reasonable inferences from the evidence.  The evidence in this case consists of the sworn

23    testimony of the witnesses, exhibits received in evidence, and stipulations.  Let me explain these

24    to you in a little more detail.

1    A stipulation is an agreement among the parties that a certain fact is true.  You should

2    treat stipulated facts as true.  You may only consider the exhibits that I have received into

3    evidence.

4    Anything you may have seen or heard about this case outside the courtroom is not

5    evidence and must be entirely disregarded.

6    **1.    *Direct and Circumstantial Evidence***

7    You may consider both direct and circumstantial evidence in deciding whether the

8    Government has met its burden of proof.  Direct evidence is evidence that proves a disputed fact

9    directly, such as when a witness testifies about what he saw, heard, or observed.  Circumstantial

10   evidence is evidence that tends to prove a disputed fact by proof of other facts.  The law makes

11   no distinction between direct and circumstantial evidence, and you may give either or both

12   whatever weight you conclude is warranted.

13   There is an example I often use to explain the difference between direct and

14   circumstantial evidence.  Suppose when you arrived this morning the sun was shining, and it was

15   a nice day.  But as you sit here now, you do not know whether it is raining.  You cannot see

16   outside so you have no direct evidence of whether it is raining.  But if someone walks in with a

17   dripping wet raincoat and an umbrella, it would be reasonable and logical for you to conclude

18   that it began to rain.  Similarly, if several people come in without wet raincoats or umbrellas, you

19   could reasonably conclude that it was not raining.

20   That is all there is to circumstantial evidence.  You infer on the basis of reason,

21   experience, and common sense from an established fact or the lack of an established fact the

22   existence or nonexistence of some other fact.

23

1            **2.**     *Inferences*

2         An inference is not a suspicion or a guess. It is a logical decision to conclude that a fact

3 exists on the basis of another fact that you know exists. It is a deduction or conclusion that you

4 are permitted – but not required – to draw from the facts that have been proven by direct or

5 circumstantial evidence. The lawyers have argued that you should or should not make different

6 inferences based on the evidence presented during trial. Remember that it is for you, and you

7 alone, to decide which inferences you will or will not draw.

8         I will remind you, however, that whether based on direct or circumstantial evidence or

9 upon the logical, reasonable inferences that you draw from such evidence, you must be satisfied

10 that the Government has proven the defendant's guilt beyond a reasonable doubt before you may

11 vote to convict.

12            **3.**     *Objections*

13         The lawyers' statements are not evidence. Only the witnesses' answers are evidence, and

14 you are not to consider a question as evidence.

15         This means that the objections that the lawyers made during trial are not evidence.

16 Testimony and exhibits can only be admitted into evidence if they meet certain criteria or

17 standards, so the lawyers have a duty to object when they believe evidence is not admissible.

18 You should not be influenced against a party because their lawyer made an objection. Similarly,

19 do not attempt to interpret my rulings on objections as somehow indicating how I think you

20 should decide this case. I was simply ruling on a legal question regarding that testimony or

21 exhibit.

22

23

1                **4.**      **Law Enforcement Techniques**

2        There is no legal requirement that law enforcement agents investigate crimes in a

3 particular way or that the Government prove its case through any particular means.  While you

4 are to carefully consider the evidence introduced by the Government, you are not to speculate as

5 to why law enforcement agents used the techniques that they did or why they did not use other

6 techniques.  Law enforcement techniques are not your concern.  Your concern is to determine

7 whether or not, based upon all the evidence in this case, the Government has proven that the

8 defendant is guilty beyond a reasonable doubt as to each count charged against him.

9                **5.**      **Evidence or Witnesses Not Presented but Equally Available**

10        The law does not require any party to present all available evidence or call as witnesses

11 everyone who was present at any time or place, or who might have knowledge of the matters at

12 issue.  The law also does not require any party to produce as exhibits all papers and objects

13 mentioned during trial.  But each party had an equal opportunity or lack of opportunity to call

14 those witnesses or introduce that evidence.  Therefore, you should not draw any inferences or

15 reach any conclusions as to what they would have testified to had they been called.

16                **6.**      **Other Persons Not on Trial**

17        The defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

18 It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted

19 for any crimes.  The fact that another person may be guilty is no defense to a criminal charge.

20        The question of the possible guilt of others should not enter your thinking as you decide

21 whether this defendant has been proved guilty of the crimes charged.

22

23

11

B.    Witnesses

1.    *Witness Credibility*

It is your duty as jurors to determine the credibility of the witnesses and the importance

of their testimony.  You must decide where the truth lies, which will require you to judge the

testimony that you listened to and observed.  You should carefully scrutinize the testimony, the

circumstances under which each witness testified, and any other matter in evidence that may help

you decide the truth of and the weight to assign their testimony.

Your decision whether to believe a witness may depend on how the witness impressed

you.  Was the witness candid and frank?  Or did it seem as if the witness was hiding something,

being evasive, or suspect in some way?  How did the testimony on direct examination compare

with the testimony on cross-examination?  Was the witness's testimony consistent or

inconsistent?  Did it appear that the witness knew what they were talking about?  Did the witness

strike you as someone who was trying to report their knowledge accurately?

How much you choose to believe a witness may also be influenced by any bias that the

witness may have.  Does the witness have a relationship with the Government or the defendant

that may affect how the witness testified?  Does the witness have some incentive, loyalty, or

motive that might cause the witness to shade the truth?  Or does the witness have some bias,

prejudice, or hostility that may have caused the witness, consciously or not, to give you

something other than a completely accurate account of the facts?  Evidence that a witness may be

biased towards one of the parties requires you to view that witness's testimony with caution, to

weigh it with great care, and to subject it to close scrutiny.

How much you believe a witness may also be influenced by any interest that the witness

may have in the outcome of the case.  That interest may create a motive to testify falsely to

1   advance that witness's own personal or professional interests.  This is not to suggest that every

2   witness who has an interest in the outcome of the case will testify falsely.  It is for you to decide

3   to what extent, if at all, a witness's interest has affected or colored their testimony.

4          Even if you think a witness was not biased, you should still consider the witness's

5   demeanor and whether the witness had an opportunity to observe the facts testified about.  Ask

6   yourselves whether a witness's recollection of the facts stands up in light of the rest of the

7   evidence.  You should be guided by your common sense, your good judgment, and your life

8   experience.

9                  ***2.        Discrepancies in Testimony and Prior Inconsistent Statements***

10         You have heard evidence of what counsel has argued are discrepancies between a

11   witness's testimony and that of other witnesses.  You have also heard evidence that a witness has

12   made a statement on an earlier occasion that counsel argues is inconsistent with their testimony

13   at trial.  And counsel has urged you to reject some or all of that testimony based on these

14   discrepancies or inconsistencies.

15         If you find that the testimony did include discrepancies or inconsistencies, that may be a

16   reason to not believe a witness's testimony.  But discrepancies and inconsistencies do not

17   necessarily require you to discredit a witness entirely.  Even truthful witnesses may be nervous

18   and contradict themselves.  Two witnesses may see or hear something differently, and innocent

19   misrecollection is not uncommon.  Nor is it uncommon for a witness to forget certain facts.

20   People sometimes forget things, and no one can remember every detail of past events.  You must

21   decide whether omissions, discrepancies, or contradictions result from an innocent error or an

22   intentional falsehood.  You should also consider whether the discrepancy or inconsistency

23   pertains to an important matter.  It is your job to determine the weight, if any, to assign to all or

1   part of the testimony of a witness who has been impeached by discrepancies or prior inconsistent

2   statements.  You should, as always, use common sense and your own good judgment.

3               **3.      *Third-Party Text and Facebook Messages***

4           You heard evidence of statements contained in text and Facebook messages.  The third-

5   party statements contained in the text and Facebook evidence were admitted only for the limited

6   purpose of providing context for Mr. Thomas' statements contained in those same messages.

7   You should not take the third-party statements as true and must consider those statements by

8   third parties only as context for Mr. Thomas' statements.

9               **4.      *Law Enforcement Witnesses***

10          You heard testimony from law enforcement witnesses.  The fact that a witness is a

11  member of law enforcement or government does not mean that their testimony is entitled to any

12  greater or lesser weight.  You should consider this testimony just like any other evidence in the

13  case and evaluate its credibility just like you would for any other witness.

14              **5.      *Witnesses Testifying Under Immunity***

15          You heard some witnesses testify under a grant of immunity.  Under the terms of the

16  grant of immunity, any testimony given by the witnesses during this trial cannot be used against

17  the witness in a subsequent federal proceeding.  This testimony alone, if believed by the jury,

18  may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or

19  supported by other evidence.  You should consider testimony given under a grant of immunity

20  with greater care and caution than the testimony of an ordinary witness.  You should consider

21  whether testimony under a grant of immunity has been affected by the witness's own interest, the

22  Government's agreement, the witness's interest in the outcome of the case, or by prejudice

23  against the defendant.

1  On the other hand, you should also consider that an immunized witness can be prosecuted

2  for perjury for making a false statement.  After considering these things, you may give testimony

3  given under a grant of immunity such weight as you feel it deserves.  You should not convict a

4  defendant based on the unsupported testimony of an immunized witness unless you believe the

5  unsupported testimony beyond a reasonable doubt.

6  *6.    **Opinion Testimony***

7  In some cases, such as this one, scientific, technical, or other specialized knowledge may

8  assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has

9  knowledge, skill, experience, training, or education, may testify and state an opinion concerning

10  such matters.

11  You are not required to accept such an opinion.  You should consider opinion testimony

12  just as you consider other testimony in this trial.  Give opinion testimony as much weight as you

13  think it deserves, considering the education and experience of the witness, the soundness of the

14  reasons given for the opinion, and other evidence in the trial.

15  *7.    **Impeachment by Prior Conviction***

16  The testimony of a witness may be discredited or impeached by showing that the witness

17  previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a

18  term of years.  A prior conviction does not mean that a witness is not qualified to testify but is

19  merely one circumstance that you may consider in determining the credibility of the witness.

1     ## V.     PART II:  SUBSTANTIVE INSTRUCTIONS

2          I will now give you the second part of my instructions, which will involve the legal

3     elements of the crimes charged in this case.

4          **A.     The Indictment**

5          The defendant is charged in an Indictment, which is just a formal accusation by the

6     Government.  The Indictment is not evidence of any kind, and it is entitled to no weight in your

7     determination of the facts.

8          The Indictment in this case contains nine counts or separate offenses.  I will go over them

9     in detail, but let me summarize them now.  Count One charges the defendant with being a

10    convicted felon in possession of a firearm.  Counts Two and Eight charge the defendant with

11    witness tampering.  Counts Three, Four, Five, and Six charge the defendant with transporting

12    individuals for prostitution.  Counts Seven and Nine charge the defendant with sex trafficking by

13    force, fraud, and coercion.

14         You must consider each count separately, and you must return a verdict based only upon

15    the evidence as it relates to that specific count.  Whether you find the defendant guilty or not

16    guilty as to one count should not affect your verdict as to any other count.

17         Each of the counts in the Indictment refers to criminal offenses happening "in or about,"

18    "on or about," or "between" certain dates.  The proof does not need to establish with certainty

19    the exact date of an alleged offense, and the Government does not have to prove that the

20    defendant committed the acts that are charged throughout the entire period.  Rather, conduct

21    during any part of the charged time frame is sufficient.

22

23

24

16

1      **B.      Knowledge and Intent**

2           Some of the charges implicate the concepts of knowledge and intent.

3           A person acts "knowingly" when he acts intentionally and voluntarily, and not because of

4      ignorance, mistake, accident, or carelessness.  Whether a defendant acted knowingly may be

5      proven by his conduct and by all the facts and circumstances surrounding the case.

6           A person acts "intentionally" when he acts deliberately and purposefully, meaning the

7      defendant's acts must have been the product of his conscious objective rather than the product of

8      a mistake or accident.

9           These issues of knowledge and intent require you to make a determination about the

10     defendant's state of mind, something that rarely can be proven directly.  A wise and careful

11     consideration of all the circumstances of the case may, however, permit you to make such a

12     determination as to the defendant's state of mind.  Indeed, in your everyday affairs, you are

13     frequently called upon to determine a person's state of mind from his or her words and actions in

14     a particular circumstance.  You are asked to do the same here.

15          I will now talk to you about the specific charges against the defendant.

16     **C.      Possession of a Firearm by a Convicted Felon**

17          *1.      Count One*

18          Count One charges the defendant with Possession of a Firearm by a Convicted Felon in

19     violation of Title 18, United States Code, Section 922(g)(1).  This law makes it a crime for any

20     person who has previously been convicted in any court of a felony to knowingly possess any

21     firearm, in or affecting interstate or foreign commerce.

22          For you to find the defendant guilty of this crime you must find that the Government has

23     proven each of the following four elements beyond a reasonable doubt:

1    **First**, on or about December 5, 2022, the defendant knowingly possessed a firearm.  A

2    "firearm" means any weapon that will or is designed to or may readily be converted to expel a

3    projectile by the action of an explosive.  Possession of the firearm may be actual or constructive.

4    Actual possession means the defendant knowingly has direct physical control over a thing at a

5    given time.  Constructive possession means ownership, dominion, or control over a thing, or

6    control over the premises where the thing is found.

7    **Second**, the defendant was convicted of a felony before he possessed the firearm.  A

8    felony is a crime punishable by imprisonment for a term exceeding one year.

9    **Third**, the defendant knew he was convicted of a felony at the time he possessed the

10    firearm.

11    **Fourth**, before the defendant possessed the firearm, the firearm had, at some point,

12    moved across state lines.

13    **D.    Witness Tampering by Corrupt Persuasion**

14    Counts Two and Eight of the Indictment charge the defendant with Witness Tampering

15    by Corrupt Persuasion in violation of Title 18, United States Code, Section 1512(b)(1).

16    **1.    *Count Two***

17    For you to find the defendant guilty of Count Two, you must find that the Government

18    has proven both of the following elements beyond a reasonable doubt:

19    **First**, on or about January 6, 2023, through on or about February 6, 2023, the defendant

20    used or attempted to use corrupt persuasion against Christine Zickefoose.

21    **Second**, the defendant acted knowingly and with the intent to influence, delay, or prevent

22    Christine Zickefoose from giving testimony in an official proceeding.

18

1    A person acts "with the intent to influence the testimony" of another when that person

2  acts for the purpose of getting the other person to change, color, or shade his or her testimony in

3  some way.  It is not necessary for the Government to prove that the person's testimony was, in

4  fact, changed in any way.

5    An act is done with "corrupt persuasion" if it is done voluntarily and intentionally to

6  bring about false or misleading testimony or to delay or prevent testimony with the hope or

7  expectation of some benefit to oneself.

8    As for whether the defendant "attempted to use corrupt persuasion," the defendant may

9  not be found guilty of attempting to commit this crime merely by thinking about it, or even by

10  making some plans or some preparation for the commission of the crime.  Instead, in order to

11  prove an attempt, the Government must prove beyond a reasonable doubt that (1) the defendant

12  intended to commit the crime; and that (2) the defendant took a substantial step towards

13  commission of the crime.

14    A "substantial step" is something beyond mere preparation.  It is an act which, in the

15  ordinary and likely course of events, would lead to the commission of the particular crime.  The

16  step must be a strong indication of the defendant's commitment to the crime charged and must

17  unequivocally mark the defendant's acts as criminal.

18    **2.    *Count Eight***

19    For you to find the defendant guilty of Count Eight, you must find that the Government

20  has proven both of the following elements beyond a reasonable doubt:

21    **First**, on or about March 31, 2023, through on or about May 2, 2023, the defendant used

22  or attempted to use corrupt persuasion against Christine Zickefoose.

1     **Second**, the defendant acted knowingly and with the intent to influence, delay, or prevent

2 Christine Zickefoose from giving testimony in an official proceeding.

3     In my instructions for Count Two, I defined a number of terms to be used in determining

4 the guilt of the defendant for this crime. Please apply those instructions here.

5     **E.**     **Transporting an Individual for Prostitution**

6     Counts Three, Four, Five, and Six of the Indictment charge the defendant with

7 Transportation for Prostitution in violation of Title 18, United States Code, Section 2421.

8     *1.*     *Count Three*

9     For you to find the defendant guilty of Count Three, you must find that the Government

10 has proven both of the following elements beyond a reasonable doubt:

11     **First**, on or about July 1, 2022, through December 5, 2022, the defendant knowingly

12 transported Christine Zickefoose in interstate commerce.

13     **Second**, at the time of transportation, the defendant intended that Christine Zickefoose

14 would engage in prostitution.

15     A defendant transports a person with the intent that such person engages in prostitution if

16 the intended prostitution was a dominant or motivating purpose of the transportation.

17     *2.*     *Count Four*

18     For you to find the defendant guilty of Count Four, you must find that the Government

19 has proven both of the following elements beyond a reasonable doubt:

20     **First**, on or about September 1, 2022, through December 3, 2022, the defendant

21 knowingly transported Jennifer Escareno Fortanelly in interstate commerce.

22     **Second**, at the time of transportation, the defendant intended that Jennifer Escareno

23 Fortanelly would engage in prostitution.

1    A defendant transports a person with the intent that such person engages in prostitution if

2    the intended prostitution was a dominant or motivating purpose of the transportation.

3         ***3.      Count Five***

4         For you to find the defendant guilty of Count Five, you must find that the Government

5    has proven both of the following elements beyond a reasonable doubt:

6         **First**, on or about October 1, 2022, through October 22, 2022, the defendant knowingly

7    transported Tyra Burton in interstate commerce.

8         **Second**, at the time of transportation, the defendant intended that Tyra Burton would

9    engage in prostitution.

10    A defendant transports a person with the intent that such person engages in prostitution if

11    the intended prostitution was a dominant or motivating purpose of the transportation.

12         ***4.      Count Six***

13         For you to find the defendant guilty of Count Six, you must find that the Government has

14    proven both of the following elements beyond a reasonable doubt:

15         **First**, on or about June 15, 2020, through June 22, 2020, the defendant knowingly

16    transported Keanna Douglas in interstate commerce.

17         **Second**, at the time of transportation, the defendant intended that Keanna Douglas would

18    engage in prostitution.

19         A defendant transports a person with the intent that such person engages in prostitution if

20    the intended prostitution was a dominant or motivating purpose of the transportation.

21    **F.     Sex Trafficking by Force, Fraud, or Coercion**

22         Counts Seven and Nine of the Indictment charge the defendant with Sex Trafficking by

23    Force, Fraud, or Coercion in violation of Title 18, United States Code, Section 1591.

21

1              ***1.***     ***Count Seven***

2       For you to find the defendant guilty of Count Seven, you must find that the Government

3 has proven each of the following three elements beyond a reasonable doubt:

4       **First**, on or about March 1, 2020, through on or about July 26, 2022, the defendant

5 knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized,

6 or solicited by any means Megan Nichols to engage in a commercial sex act; or the defendant

7 benefited financially or received anything of value from participation in a venture that recruited,

8 enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited Megan

9 Nichols to engage in a commercial sex act.

10       **Second**, the defendant knew that force, threats of force, fraud, or coercion, or any

11 combination of such means, would be used to cause Megan Nichols to engage in a commercial

12 sex act.

13       **Third**, the offense was in or affected interstate commerce.

14       I will give you more detailed instructions on some of these terms.

15       The term "coercion" means threats of harm to or physical restraint against any person; or

16 any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act

17 would result in serious harm to or physical restraint against any person.

18       The term "serious harm" means any harm, whether physical or nonphysical, including

19 psychological, financial, or reputational harm, that is sufficiently serious, under all the

20 surrounding circumstances, to compel a reasonable person of the same background and in the

21 same circumstances, to perform or to continue performing commercial sexual activity in order to

22 avoid incurring that harm.

1       The term "commercial sex act" means any sex act for which something of value is given

2   to or received by any person.

3       The term "venture" means any group of two or more individuals associated in fact,

4   whether or not a legal entity.

5       The phrase "the offense was in interstate commerce" means that the offense involved the

6   crossing of a state line.

7       The phrase "the offense affected interstate commerce" means that the prohibited

8   recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, patronizing, or

9   soliciting had some effect on interstate commerce.

10      Interstate commerce means commerce between any combination of states, territories, and

11  possessions of the United States.  Commerce includes travel, trade, transportation, and

12  communication.  Acts and transactions that are economic or commercial in nature or that affect

13  the flow of money in the stream of commerce to any degree, however minimal, "affect interstate

14  commerce."  All that is necessary is that the natural and probable consequence of the acts the

15  defendant took would be to affect interstate commerce.

16          ***2.      Count Nine***

17      For you to find the defendant guilty of Count Nine, you must find that the Government

18  has proven each of the following three elements beyond a reasonable doubt:

19      <u>**First**</u>, on or about June 1, 2019, through on or about January 1, 2020, the defendant

20  knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized,

21  or solicited by any means Crystal Trevino to engage in a commercial sex act; or the defendant

22  benefited financially, or received anything of value from participation in a venture that recruited,

23

1      enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited Crystal

2      Trevino to engage in a commercial sex act.

3         **Second**, the defendant knew that force, threats of force, fraud, or coercion, or any

4      combination of such means, would be used to cause Crystal Trevino to engage in a commercial

5      sex act.

6         **Third**, the offense was in or affected interstate commerce.

7         In my instructions for Count Seven, I defined a number of terms to be used in

8      determining the guilt of the defendant for this crime.  Please apply those instructions here.

9      **G.**     **Venue**

10        In addition to the elements of the crimes charged that I have described for you, you must

11     also decide whether each of the charged crimes was committed, in whole or in part, within the

12     Northern District of Oklahoma.  This is a concept known as "venue."

13        The Government must prove venue by a "preponderance of the evidence."  This is a

14     lesser standard of proof than "beyond a reasonable doubt."  To prove something by a

15     preponderance of the evidence means to prove that it is more likely true than not true.  It is

16     determined by considering all the evidence and deciding which evidence is more convincing.  If

17     the evidence is equally balanced or if you cannot say upon which side it weighs heavier, then you

18     must resolve this question in favor of the defendant.

19        You are instructed that the Northern District of Oklahoma includes the following

20     counties: Craig, Creek, Delaware, Mayes, Nowata, Osage, Ottawa, Pawnee, Rogers, Tulsa, and

21     Washington.

1    Venue is proper in the Northern District of Oklahoma if the charged offense was started,

2    continued, or completed in this district.  Venue can be based on physical presence or conduct,

3    including passing through a district.

## VI.    PART III:  GENERAL REMARKS ABOUT DELIBERATIONS

### A.    Selecting a Foreperson and Communications with the Court

Now that I have instructed you on the law and the process by which you should weigh the evidence and determine the facts, I will give you some guidance for your deliberations.

The first thing you must do is select a foreperson, who will sign all communications to the Court using their Juror number and hand them to the Marshal for me to read.  Once I read your note, I will sometimes have you return to the courtroom, so we can speak in person.  No member of the jury should attempt to communicate with me or with any court personnel by any means other than a signed note from the foreperson.

You should not tell me or anyone else how the jury stands numerically on the issue of the defendant's guilt until after a unanimous verdict is reached.

### B.    Right to See Exhibits

You will have most of the exhibits with you in the jury room.  If you want to see any exhibits that are not in the jury room, you may request them by writing a note.  Please be as specific as possible when you make a request.

### C.    Testimony

As I'm sure you noticed, the court reporter has been taking stenographic notes of everything that is said.  This is basically for the purpose of any appeals.  However, a typewritten copy of the testimony will not be available for your use during deliberations.

### D.    Duty to Consult and Need for Unanimity

The purpose of jury deliberations is to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based on the evidence presented – if you can do so without violence to your own individual judgment.  You should not hesitate to change your opinion if, after discussion

26

1    with your fellow jurors, your initial opinion seems wrong.  If, however, after carefully

2    considering all the evidence and the arguments of your fellow jurors, you have a view that differs

3    from the other jurors, you are not to yield your conviction simply because you are outnumbered.

4    Your final vote must reflect your individual judgment as to defendant's guilt.

5          Your job is to reach a fair conclusion from the law and the evidence.  Each of you must

6    decide the case for yourself after you consider the evidence with your fellow jurors.  If the

7    Government succeeds in meeting its burden of proof beyond a reasonable doubt, your verdict

8    should be guilty; if the Government fails to meet its burden, your verdict should be not guilty.

9          Either way, your verdict must be unanimous.  All of you must reach the same conclusion

10   for each crime charged.

11   **E.        Reaching a Verdict**

12         When you have reached a unanimous verdict, please send a note signed by your

13   foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.

14         You will also have a verdict sheet in the jury room.  Beneath each count is a space to

15   mark "guilty" or "not guilty."  Your verdict as to each count must be recorded on the verdict

16   sheet.  After the verdict sheet is completed, the foreperson should sign with their Juror number,

17   date it, and return it to Ms. Butler.

18   **F.        Final Comments**

19         Remember that the parties and the Court are relying on you to give full and conscientious

20   deliberation and consideration to the issues and evidence before you.  Your oath sums up your

21   duty, and that is:  without fear or favor, you will truly try the issues between these parties

22   according to the evidence given to you in court and the laws of the United States.