IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CR-041-JFH |
| | ) |
| BYRON CORDELL THOMAS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT BYRON CORDELL THOMAS'S,
PROPOSED JURY INSTRUCTIONS**

**PRESUMPTION OF INNOCENCE-BURDEN OF
PROOF-REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of the all the evidence in this case. If, based upon your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think that there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Source: Tenth Circuit Criminal Pattern Jury Instruction 1.05

1

**CAUTION-CONSIDER ONLY CRIMES CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

Source: Tenth Circuit Criminal Pattern Jury Instruction 1.19

## **IMMUNITY**

You heard several witnesses testify under a grant of immunity. Under the terms of the grant of immunity any testimony given by the witnesses during this trial cannot be used against the witness in a subsequent federal proceeding. This testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence. You should consider testimony given under a grant of immunity with greater care and caution than the testimony of an ordinary witness. You should consider whether testimony under a grant of immunity has been affected by the witness's own interest, the government's agreement, the witness's interest in the outcome of the case, or by prejudice against the defendant.

On the other hand, you should also consider that an immunized witness can be prosecuted for perjury for making a false statement. After considering these things, you may give testimony given under a grant of immunity such weight as you feel it deserves.

You should not convict a defendant based on the unsupported testimony of an immunized witness, unless you believe the unsupported testimony beyond a reasonable doubt.

Source: Tenth Circuit Criminal Pattern Jury Instruction 1.14

## WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

C.Z. may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

Source: Tenth Circuit Criminal Pattern Jury Instruction 1.16

## LAW ENFORCEMENT WITNESS

During the trial, you have heard the testimony of certain law enforcement witnesses. The fact that a witness may be employed by a federal, state, or city government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

You should consider the testimony of any law enforcement witness and give is such weight as you think is deserves.

_____

Based in part on Tenth Circuit Pattern Instruction 1.08, as modified.

When questioned about police officers during *voir dire*, prospective jurors often believe that police officers are somehow more believable or trustworthy because of their job. Indeed, some believe that a police officer has an obligation to tell the truth even when not under oath; it is a common misconception that police officers must identify themselves as police officers, even when acting undercover. This instruction accurately explains that the credibility of a police officer's testimony is to be weighed like any other witness's testimony.

5

## **EXPERT WITNESS**

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Source: 10th Circuit pattern instruction 1.17

# IMPEACHMENT BY PRIOR CONVICTION

## (Witness Other Than Defendant)

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any [prior felony conviction] [crime of dishonesty] that was used to impeach a witness.

The court should consider giving this instruction at the conclusion of the witness's testimony, as well as at conclusion of the trial.

Source: 10th Circuit instruction 1.12

7

## POSSESSION OF A FIREARM BY A CONVICTED FELON

## (18 U.S.C. § 922(g)(1))

The defendant is charged in count one with a violation of 18 U.S.C. section 922(g)(1). This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm [or ammunition], in or affecting interstate [or foreign] commerce. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First**: the defendant knowingly possessed a firearm (a ruger, model EC9S 9mm with serial number 45855640 and ammunition);

**Second**: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and ammunition;

**Third**: the defendant knew he was convicted of a felony at the time he possessed a firearm and ammunition;

**Fourth**: before the defendant possessed the firearm and ammunition, the firearm and ammunition had moved at some time from one state to another.

And **Fifth**, the defendant possessed the firearm and ammunition in the Northern District of Oklahoma.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Source: Tenth Circuit Pattern Jury Instruction 2.44

8

## ACTUAL OR CONSTRUCTIVE POSSESSION

The defendant is charged in Count 1 with possession of a firearm. Possession of a firearm can be either actual or constructive. Actual possession means the defendant knowingly has direct physical control over a thing at a given time. Constructive possession means ownership, dominion or control over a thing, or control over the premises where the thing is found.

Mere proximity to the firearm, mere presence on the property where it was located, without more, is insufficient to support a finding of possession.

Source: See *United States v. Espinosa*, 771 F.2d 1382, 1397 (10th Cir. 1985)
*United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998)

Based in part on 10th circuit instruction 1.31

## **WITNESS TAMPERING**

## **(18 U.S.C. § 1512(b)(1))**

The defendant is charged in counts two and ten with a violation of 18 U.S.C. section 1512(b)(1). This law makes it a crime for anyone knowingly to use or attempt to use corrupt persuasion with the intent to influence, delay, or prevent the testimony of C.Z. in an official proceeding. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First**: the defendant used or attempted to use corrupt persuasion against C.Z.;

**Second**: the defendant acted knowingly and with the intent to influence, delay, or prevent the testimony of C.Z. with respect to grand jury testimony, an official proceeding.

An act "with the intent to influence the testimony" of a person means to act for the purpose of getting the person to change, color, or shade his or her testimony in some way, but it is not necessary for the government to prove that the person's testimony was, in fact, changed in any way.

An act is done with "corrupt persuasion" if it is done voluntarily and intentionally to bring about false or misleading testimony or to delay or prevent testimony with the hope or expectation of some benefit to oneself or another person.

Source: Tenth Circuit Pattern Instruction 2.65

## Transportation or Attempted Transportation for Prostitution or Criminal Sexual Activity
## (18 U.S.C. § 2421)

The defendant is charged in Count three of the indictment with transporting C.Z. with intent that she engage in prostitution in violation of Section 2421 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about July 1, 2022 through December 5, 2022 the defendant transported C.Z. in interstate commerce;

**Second**, the defendant transported C.Z. with the intent that she engage in prostitution.

**Third**, the defendant did so knowingly

And **Fourth**, part of the transportation occurred in the Northern District of Oklahoma

A defendant transports a person with the intent that such person engage in prostitution if the intended prostitution was a dominant, significant, or motivating purpose of the transportation.

Whether the sexual activity is of a commercial (prostitution) or noncommercial nature, criminal sexual activity must be a purpose motivating the interstate transportation.

The defendant's intent that the individual engage in prostitution or criminal sexual activity is an element of the crime and must exist prior to, or at the same time as, the interstate trip.

"In interpreting the elements for transportation and travel offenses, we have consistently held that a dominant, significant, or motivating purpose to engage in criminal sexual activity satisfies the intent requirement." *United States v. Flucas*, 22 F.4th 1149, 1154 (9th Cir. 2022). In *Flucas*, the court held that the district court "correctly instructed the jury . . . with respect to the intent requirement[]" in § 2421(a) when the district court instructed that it was "sufficient if the government proves beyond a reasonable doubt that the sexual activity was a significant, dominating or motivating purpose." Id. at 1154-55, 1164.

The unit of prosecution is the transportation. See *Bell v. United States*, 349 U.S. 81 (1955) (two women transported on the same trip in the same vehicle equals one offense). See also Nelms v. United States, 291 F.2d 390, 394 (4th Cir. 1961) (number of separate transportations determines number of offenses). Thus, a round trip might be one offense or two.

Source: 9th Circuit Pattern instruction 20.27; Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina.

## Transportation or Attempted Transportation for Prostitution or Criminal Sexual Activity

## (18 U.S.C. § 2421)

The defendant is charged in Count five of the indictment with transporting J.F. with intent that she engage in prostitution in violation of Section 2421 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about September 1, 2022 through December 3, 2022 the defendant transported J.F. in interstate commerce;

**Second**, the defendant transported J.F. with the intent that she engage in prostitution.

**Third**, the defendant did so knowingly

And **Fourth**, part of the transportation occurred in the Northern District of Oklahoma

A defendant transports a person with the intent that such person engage in prostitution if the intended prostitution was a dominant, significant, or motivating purpose of the transportation.

Whether the sexual activity is of a commercial (prostitution) or noncommercial nature, criminal sexual activity must be a purpose motivating the interstate transportation.

The defendant's intent that the individual engage in prostitution or criminal sexual activity is an element of the crime and must exist prior to, or at the same time as, the interstate trip.

"In interpreting the elements for transportation and travel offenses, we have consistently held that a dominant, significant, or motivating purpose to engage in criminal sexual activity satisfies the intent requirement." *United States v. Flucas*, 22 F.4th 1149, 1154 (9th Cir. 2022). In *Flucas*, the court held that the district court "correctly instructed the jury . . . with respect to the intent requirement[]" in § 2421(a) when the district court instructed that it was "sufficient if the government proves beyond a reasonable doubt that the sexual activity was a significant, dominating or motivating purpose." Id. at 1154-55, 1164.

The unit of prosecution is the transportation. See *Bell v. United States*, 349 U.S. 81 (1955) (two women transported on the same trip in the same vehicle equals one offense). See also Nelms v. United States, 291 F.2d 390, 394 (4th Cir. 1961) (number of separate transportations determines number of offenses). Thus, a round trip might be one offense or two.

Source: 9th Circuit Pattern instruction 20.27; Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina.

## Transportation or Attempted Transportation for Prostitution or Criminal Sexual Activity

## (18 U.S.C. § 2421)

The defendant is charged in Count seven of the indictment with transporting T.B. with intent that she engage in prostitution in violation of Section 2421 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about October 1, 2022 through October 22, 2022 the defendant transported T.B. in interstate commerce;

**Second**, the defendant transported T.B. with the intent that she engage in prostitution.

**Third**, the defendant did so knowingly

And **Fourth**, part of the transportation occurred in the Northern District of Oklahoma

A defendant transports a person with the intent that such person engage in prostitution if the intended prostitution was a dominant, significant, or motivating purpose of the transportation.

Whether the sexual activity is of a commercial (prostitution) or noncommercial nature, criminal sexual activity must be a purpose motivating the interstate transportation.

The defendant's intent that the individual engage in prostitution or criminal sexual activity is an element of the crime and must exist prior to, or at the same time as, the interstate trip.

"In interpreting the elements for transportation and travel offenses, we have consistently held that a dominant, significant, or motivating purpose to engage in criminal sexual activity satisfies the intent requirement." *United States v. Flucas*, 22 F.4th 1149, 1154 (9th Cir. 2022). In *Flucas*, the court held that the district court "correctly instructed the jury . . . with respect to the intent requirement[]" in § 2421(a) when the district court instructed that it was "sufficient if the government proves beyond a reasonable doubt that the sexual activity was a significant, dominating or motivating purpose." Id. at 1154-55, 1164.

The unit of prosecution is the transportation. See *Bell v. United States*, 349 U.S. 81 (1955) (two women transported on the same trip in the same vehicle equals one offense). See also Nelms v. United States, 291 F.2d 390, 394 (4th Cir. 1961) (number of separate transportations determines number of offenses). Thus, a round trip might be one offense or two.

Source: 9th Circuit Pattern instruction 20.27; Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina.

## Transportation or Attempted Transportation for Prostitution or Criminal Sexual Activity

## (18 U.S.C. § 2421)

The defendant is charged in Count eight of the indictment with transporting K.D. with intent that she engage in prostitution in violation of Section 2421 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about June 15, 2020 through June 22, 2020 the defendant transported K.D. in interstate commerce;

**Second**, the defendant transported K.D. with the intent that she engage in prostitution.

**Third**, the defendant did so knowingly

And **Fourth**, part of the transportation occurred in the Northern District of Oklahoma

A defendant transports a person with the intent that such person engage in prostitution if the intended prostitution was a dominant, significant, or motivating purpose of the transportation.

Whether the sexual activity is of a commercial (prostitution) or noncommercial nature, criminal sexual activity must be a purpose motivating the interstate transportation.

The defendant's intent that the individual engage in prostitution or criminal sexual activity is an element of the crime and must exist prior to, or at the same time as, the interstate trip.

"In interpreting the elements for transportation and travel offenses, we have consistently held that a dominant, significant, or motivating purpose to engage in criminal sexual activity satisfies the intent requirement." *United States v. Flucas*, 22 F.4th 1149, 1154 (9th Cir. 2022). In *Flucas*, the court held that the district court "correctly instructed the jury . . . with respect to the intent requirement[]" in § 2421(a) when the district court instructed that it was "sufficient if the government proves beyond a reasonable doubt that the sexual activity was a significant, dominating or motivating purpose." Id. at 1154-55, 1164.

The unit of prosecution is the transportation. See *Bell v. United States*, 349 U.S. 81 (1955) (two women transported on the same trip in the same vehicle equals one offense). See also Nelms v. United States, 291 F.2d 390, 394 (4th Cir. 1961) (number of separate transportations determines number of offenses). Thus, a round trip might be one offense or two.

Source: 9th Circuit Pattern instruction 20.27; Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina.

## Persuading or Coercing to Travel to Engage in Prostitution or Sexual Activity
## (18 U.S.C. § 2422(a))

The defendant is charged in Count 4 of the indictment with persuading, inducing, or enticing travel to engage in prostitution in violation of Section 2422(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt:

**First,** that on or between September 1, 2002 through December 3, 2022 the defendant knowingly persuaded induced and enticed J.F. to travel in interstate commerce to engage in prostitution; and

**Second**, that based upon the sexual activity that occurred, the defendant could have been charged with a criminal offense under the laws of the United States.

**Third**, the defendant did something that was a substantial step toward committing the crime.

**Fourth**, the persuasion, inducement, and enticement occurred in the Northern District of Oklahoma.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

"Persuade," "induce," and "entice" convey the idea of one person leading or moving another by persuasion or influence, as to action or state of mind. *United States v. Broxmeyer*, 616 F.3d 120, 125 (2d Cir. 2010)

Source: 9th Circuit pattern instruction 20.28

## Persuading or Coercing to Travel to Engage in Prostitution or Sexual Activity
## (18 U.S.C. § 2422(a))

The defendant is charged in Count 6 of the indictment with persuading, inducing, or enticing travel to engage in prostitution in violation of Section 2422(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt:

**First**, that on or between October 1, 2002 through October 22, 2022 the defendant knowingly persuaded induced and enticed T.B. to travel in interstate commerce to engage in prostitution; and

**Second**, that based upon the sexual activity that occurred, the defendant could have been charged with a criminal offense under the laws of the United States.

**Third**, the defendant did something that was a substantial step toward committing the crime.

**Fourth**, the persuasion, inducement, and enticement occurred in the Northern District of Oklahoma.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

"Persuade," "induce," and "entice" convey the idea of one person leading or moving another by persuasion or influence, as to action or state of mind. *United States v. Broxmeyer*, 616 F.3d 120, 125 (2d Cir. 2010).

Source: 9th Circuit pattern instruction 20.28

## Sex Trafficking by Force, Fraud, or Coercion
### (18 U.S.C. § 1591(a)(1))

The defendant is charged in Count 9 of the indictment with engaging in sex trafficking by force, fraud, or coercion in violation of Section 1591 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about March 1, 2020 through July 26, 2022 the defendant, in the Northern District of Oklahoma, knowingly recruited enticed harbored transported provided obtained advertised maintained patronized or solicited a M.N.; and the defendant benefitted financially and by receiving anything of value from participation in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited M.N. to engage in a commercial sex act

**Second**, the defendant knew that means of force, threats of force, fraud, coercion or any combination of such means would be used to cause the person to engage in a commercial sex act; and

**Third**, the defendant's acts were in or affecting interstate or foreign commerce.

"Coercion" means

(A) threats of serious harm to or physical restraint against any person;

(B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(C) the abuse or threatened abuse of law or the legal process. [§ 1591(e)(2)]

Souce: Ninth Circuit pattern instruction 20.25 and 20.26

## Sex Trafficking by Force, Fraud, or Coercion
## (18 U.S.C. § 1591(a)(1))

The defendant is charged in Count 11 of the indictment with engaging in sex trafficking by force, fraud, or coercion in violation of Section 1591 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about June 1, 2019 through January 1, 2020 the defendant, in the Northern District of Oklahoma knowingly recruited enticed harbored transported provided obtained advertised maintained patronized or solicited C.T.; and the defendant benefitted financially and by receiving anything of value from participation in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited C.T. to engage in a commercial sex act

**Second**, the defendant knew that means of force, threats of force, fraud, coercion or any combination of such means would be used to cause the person to engage in a commercial sex act; and

**Third**, the defendant's acts were in or affecting interstate or foreign commerce.

"Coercion" means

(A) threats of serious harm to or physical restraint against any person;

(B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(C) the abuse or threatened abuse of law or the legal process. [§ 1591(e)(2)]

Souce: Ninth Circuit pattern instruction 20.25 and 20.26

## Sex Trafficking by Force, Fraud, or Coercion
### (18 U.S.C. § 1591(a)(1))

The defendant is charged in Count 12 of the indictment with engaging in sex trafficking by force, fraud, or coercion in violation of Section 1591 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about August 1, 2019 through January 1, 2020 the defendant, in the Northern District of Oklahoma, knowingly recruited enticed harbored transported provided obtained advertised maintained patronized or solicited W.T.; and the defendant benefitted financially and by receiving anything of value from participation in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited W.T. to engage in a commercial sex act

**Second**, the defendant knew that means of force, threats of force, fraud, coercion or any combination of such means would be used to cause the person to engage in a commercial sex act; and

**Third**, the defendant's acts were in or affecting interstate or foreign commerce.

"Coercion" means

(A) threats of serious harm to or physical restraint against any person;

(B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(C) the abuse or threatened abuse of law or the legal process. [§ 1591(e)(2)]

Souce: Ninth Circuit pattern instruction 20.25 and 20.26

19

Respectfully submitted,

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**

Julia L. O'Connell, Federal Public Defender

By: s/ Chance Cammack
Chance Cammack, OBA #31011
Assistant Federal Public Defender
One West Third St., Ste. 1225
Tulsa, Oklahoma 74103
(918) 581-7656
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21th day of July, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant U.S. Attorney Kenneth Elmore

s/ Chance Cammack
Chance Cammack
Assistant Federal Public Defender