UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cr-00041-JFH |
| ) | |
| BYRON CORDELL THOMAS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Defendant Byron Cordell Thomas' *pro se* motions for documents and discovery in anticipation of his filing a motion under 28 U.S.C. § 2255. Defendant filed his first motion on November 18, 2025, seeking "all Discovery, Transcripts, Docket Sheet and all documents for" him. (Dkt. No. 209.) District Judge John H. Heil ordered that the docket sheet, final indictment, jury instructions, jury verdict, and judgment be provided to Defendant. (Dkt. No. 210.) Judge Heil also instructed Defendant to review the docket sheet and indicate specifically which transcripts or documents he seeks. (*Id.*) In response to that order, Defendant filed a new motion for production, listing filings on the docket and additional materials that appear to be in the possession of third parties. (Dkt. No. 211.) Judge Heil has since granted Defendant's motion for leave to proceed in forma pauperis and has referred both discovery motions to the undersigned.

At this time, the Court lacks jurisdiction to order the production of any discovery materials from Defendant's underlying criminal case. Federal law authorizes a criminal defendant to seek postconviction relief under 28 U.S.C. § 2255. However, any discovery motion by a defendant in a closed criminal case prior to the filing of a motion under § 2255

1

is premature, and a district court lacks jurisdiction to consider it. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018) (finding the district court lacked jurisdiction to compel production of documents from attorney after criminal case concluded and when no § 2255 motion had been filed); *United States v. Moreno*, No. 21-6096, 2022 WL 782660, at *1 (10th Cir. Mar. 15, 2022) (stating that, "[a]bsent a motion sufficient to reopen jurisdiction, such as the one provided under 28 U.S.C. § 2255, any jurisdiction in Defendant's criminal case ended long ago," before affirming dismissal of motion to compel production of trial exhibits and plea agreement supplements);[1] *United States v. Wanjiku*, No. CR-23-227-R, 2025 WL 2201390, at *1 (W.D. Okla. Aug. 1, 2025) ("And while Defendant asserts that he intends to use the requested discovery for a § 2255 motion, without the filing of such a motion or a civil suit, this Court lacks jurisdiction to rule on the Motion to Compel."). Here, Defendant has not yet filed a § 2255 motion, so this proceeding remains closed. The Court lacks jurisdiction to compel any discovery.

As for transcripts, the Tenth Circuit has ruled that a request for transcripts—even those already paid for and prepared by the court reporter—are subject to 28 U.S.C. § 753(f). *Sistrunk v. United States*, 992 F.2d 258, 259–60 (10th Cir. 1993) (noting that, even if the transcript has already been paid for, the United States would still incur copying and mailing costs). As a result, a defendant is only entitled to a transcript "if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Id.* at 259 (not deciding whether a habeas motion is required or a pre-petition motion would suffice); *cf. Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

1992) (per curiam) (noting, in analogous context of state habeas petitioners, there is no "constitutional right to access a free transcript in order to search for error"). Defendant has made no such showing here, stating only that he needs these documents for investigative purposes (Dkt. No. 209 at 1) or to allow him to begin the habeas petition process (Dkt. No. 211 at 3).

Even if the matter were reopened by a § 2255 motion, a defendant would have to show good cause for discovery of documents not available to the public. *See* Rules Governing § 2255 Proceedings, Rule 6; *see also United States v. Serrato*, No. 11-CR-193-F, 2014 WL 12902130, at *1 (D. Wyo. Aug. 26, 2014) (noting that a request to review discovery "in hopes of finding a basis for 2255 relief" does not constitute good cause).

Although Defendant is not entitled to compel discovery and has not shown an entitlement to transcripts, the undersigned finds that it is appropriate for the Court Clerk to provide him with copies of the publicly available filings listed below pursuant to the Court's prior order.

IT IS THEREFORE ORDERED that that the *Motion for Discovery and Request for Production of Documents* (Dkt. No. 209) and the *Motion for Production of Discovery and Transcripts per the Court's Order* (Dkt. No. 211) are GRANTED IN PART and DENIED IN PART. The Court clerk shall send copies of the documents listed below to Defendant at the following address:

> Byron Cordell Thomas, #43518-510
> USP Terre Haute
> P.O. Box 33
> Terre Haute, IN 47808

The documents to be sent are as follows:

- *Ex Parte Application for Subpoena Duces Tecum* (Dkt. No. 18);

- *Joint Report Regarding Status of Discovery* (Dkt. No. 20);

- *Defendant's Omnibus Motion in Limine* (Dkt. No. 23);

- *Defendant's Amended Omnibus Motion in Limine* (Dkt. No. 25);

- *Defendant's Motion to Suppress Evidence* (Dkt. No. 69);

- *Minutes - Sealed Ex Parte Motion Hrg* (Dkt. No. 108);

- *Government's Response in Opposition to Defendant's Motion to Reconsider Omnibus Motion in Limine* (Dkt. No. 110);

- the letter docketed as a motion for judgment of acquittal or new trial (Dkt. No. 145);

- *Defendant's Motion for Arrest of Judgment* (Dkt. No. 146);

- Objection to the Presentence Report (with exhibits) (Dkt. No. 147);

- the letter docketed as record on appeal sent to circuit court (with attachment) (Dkt. No. 200);

- the letter docketed as amended record on appeal sent to circuit court (with attachment) (Dkt. No. 201);

- Tenth Circuit's Order (Dkt. No. 204); and

- the letter docketed as supplemental record on appeal sent to circuit court (with attachment) (Dkt. No. 205).

ORDERED this 9th day of January, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT